IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00952-MSK-MEH

CODIEJO APODACA, now known as CODIEJO MARTINEZ, and
MICHELLE I. CARLTON,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, an Illinois company, and
SANDRA H. PERKINS,

      Defendants.

_____

**OPINION AND ORDER GRANTING MOTION TO REMAND**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Dismiss Claims Against Defendant Perkins[1] **(# 9)**, to which no responsive papers were filed; and the Plaintiffs' Motion to Remand **(# 15)**, the Defendants' response **(# 21)**, and the Plaintiff's reply **(# 24)**.[2]

---

[1] This motion appears to duplicate Defendant Perkins' Motion to Dismiss **(# 5)**, filed when this case was pending in state court. Accordingly, the motion at Docket # 5 is denied as moot.

[2] Also pending are the Plaintiffs' Motion for Extension of Time to Respond to the Motion to Dismiss **(# 16)**, the Defendants' response **(# 17)**, and the Plaintiff's reply **(# 20)**; and the Defendants' Motion for an Extension of Time to File a Reply **(# 18)** to the Motion to Remand. Because the Defendant subsequently filed a reply, their motion is denied as moot. Because the Court finds that the issues briefed in conjunction with the Motion to Remand adequately present the parties' positions on the same issues raised in the Motion to Dismiss, the Court denies the Plaintiff's Motion for Extension of Time as moot.

1

## FACTS

According to the Plaintiffs' Amended Complaint, *Docket # 1-9*, the minor Plaintiffs were injured in an auto accident on June 7, 2002. The other driver involved in the accident was uninsured, and the Plaintiffs sought benefits from Defendant Allstate, pursuant to several insurance policies that had been issued to the Plaintiffs' parents. Specifically, Defendant Allstate had issued two separate automobile liability policies to the Plaintiff's parents (the "Carlton policy" and the "Kesterson policy") and an umbrella policy. Defendant Allstate refused to cover certain claims by the Plaintiff, alleging that the policies did not cover those claims.

The Plaintiffs commenced this action in the Colorado District Court for Arapahoe County, alleging numerous causes of action. As relevant here, the Plaintiffs assert: (i) a claim against both Defendants for reformation of the Carlton policy to include enhanced Personal Injury Protection ("enhanced PIP") benefits, based on the Defendants' failure to offer such benefits in violation of the former C.R.S. § 10-4-710(a)(2); (ii) a claim for bad faith breach by Defendant Allstate of the Carlton policy by not paying the enhanced PIP benefits sought in Claim 1; (iii) a claim of "bad faith" against Defendant Allstate, alleging that it failed to offer and pay enhanced PIP benefits, which appears to be entirely duplicative of the first and/or second claims; (iv) a claim seeking a declaration that Defendant Allstate is liable to the Plaintiffs for certain uninsured motorist benefits under the Carlton policy; (v) a claim for bad faith breach of contract based on Defendant Allstate's failure to pay the uninsured motorist benefits sought in Claim 4; (vi) a claim seeking a declaration that the Plaintiffs are entitled to uninsured motorist benefits under the umbrella policy; (viii) a claim for breach of contract based on Defendant Allstate's failure to pay the benefits sought in Claim 6; (viii) a claim that the breach asserted in Claim 7 was in bad faith; (ix) a claim

for a declaration that Defendant Allstate is obligated to pay uninsured motorist benefits under the Kesterson policy; (x) a breach of contract claim against Defendant Allstate for failing to pay PIP benefits under the Kesterson policy; (xi) a claim for bad faith breach of contract, relating to the benefits referred to in Claims 9 and/or 10; and (xii) a negligence claim against both Defendants, alleging that Defendant Perkins failed to procure sufficient uninsured motorist coverage for the Plaintiffs, failed to advise the Plaintiffs that such coverage was not available under the umbrella policy, and failed to procure enhanced PIP benefits.

On May 22, 2006, the Defendants removed **(# 1)** the action to this Court, citing federal subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. The Notice of Removal observed that although the Plaintiffs and Defendant Allstate were diverse, the Plaintiffs and Defendant Perkins were both citizens of Colorado. However, the Defendants argued that Defendant Perkins had been fraudulently joined solely for the purpose of defeating diversity.

Shortly thereafter, the Defendants filed the instant Motion to Dismiss **(# 9)** the claims against Defendant Perkins, arguing that: (i) the Plaintiffs fail to state a claim against Defendant Perkins regarding Claim 1, seeking reformation of the Carlton policy, insofar as Defendant Perkins is not a party to that contract; and (ii) that the Plaintiffs fail to state a negligence claim against Defendant Perkins insofar as the Amended Complaint fails to plead facts showing that Defendant Perkins had a duty to procure enhanced PIP coverage, fails to allege facts showing that Defendant Perkins had a duty to obtain uninsured motorist coverage as part of the umbrella policy, and fails to allege facts showing that Defendant Perkins had a duty to advise the Plaintiffs that the umbrella policy lacked uninsured motorist coverage.

The Plaintiffs then filed the instant Motion to Remand (**# 15**), arguing that the Amended Complaint adequately stated a claim against Defendant Perkins, and thus, her joinder was proper and destroyed any diversity jurisdiction in this Court.

## **ANALYSIS**

### A. Standard of review

Stripped of a wealth of unnecessary personal attacks and irrelevant factual assertions, the parties' motions present a simple issue: whether the Amended Complaint states a viable claim against Defendant Perkins.

Although complete diversity of citizenship must exist before subject-matter jurisdiction will vest in this Court, a party cannot prevent the removal of a case on diversity grounds by fraudulently joining a resident defendant having no real connection to the controversy. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The joinder of a resident defendant against whom no viable cause of action is stated allows the Court to "pierce the pleadings" and disregard the citizenship of the improperly joined party for purposes of determining the existence of federal jurisdiction. *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). The Court may consider "the entire record" to determine the viability of the claims asserted against the resident defendant, but it must be careful not to "pre-try [ ] doubtful issues of fact to determine removability." *Id.*

The party asserting the existence of federal jurisdiction – here, the Defendants – bear the burden of establishing that such jurisdiction exists. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir.2001). To establish fraudulent joinder, the Defendants must show either that the Plaintiffs committed outright fraud in pleading the jurisdictional facts, or that the Plaintiffs

4

have no possibility of recovery against Defendant Perkins. *Frontier Airlines, Inc. v. United Air Lines, Inc.,* 758 F.Supp. 1399, 1403 (D. Colo. 1989). In other words, the Defendants must show that the Plaintiff clearly cannot maintain the asserted claims against Defendant Perkins. *Id.* at 1404. Although the Court may search beyond the four corners of the pleadings in determining whether joinder was improper, *Dodd*, 329 F.2d at 85, it must nevertheless resolve any doubts in favor of the Plaintiffs and against the exercise of federal jurisdiction. *Martin*, 251 F.3d at 1289-90.

### B. Negligence claim against insurance broker

The crux of the parties' motions is whether the Plaintiffs have adequately stated a claim for negligence against Defendant Perkins.[3]

Under Colorado law, where an insurance agent agrees to obtain a particular form of insurance coverage for a person seeking such coverage, the agent has a legal duty to obtain the coverage or advise the person of his inability to do so. *Bayly, Martin & Fay, Inc. v. Pete's Satire, Inc.*, 739 P.2d 239, 243 (Colo. 1987). An essential element of such a claim is that the insurance sought to be obtained was generally available in the insurance industry at the time of the request. *Id.* at 244. The party asserting the claim need not show that the particular company serviced by the agent offered such coverage, or that the company would have agreed to write such a policy; he must merely show that such coverage was generally available in the insurance industry. *Id.*

---

[3]The Court summarily disposes of any argument that Defendant Perkins is properly named as a defendant in Claim 1, which seeks reformation of the Carlton policy. Obviously, Defendant Perkins is not a proper party to this claim, as there is no suggestion that she is somehow able to reform the contract between the Plaintiffs and Defendant Allstate. The Plaintiff offers no meaningful argument that such a claim against Defendant Perkins is viable under Colorado law.

The Amended Complaint alleges that in 2001, the Plaintiffs' father contacted Defendant Perkins and expressed interest in acquiring enhanced PIP coverage. *Docket* # 1-9, ¶ 21. After discussing the costs with Defendant Perkins, the Plaintiff's father instructed her to "go ahead and give us the extra coverage," and Defendant Perkins stated that she would do so. *Id.* at ¶ 23-24. Although it is not expressly alleged in the Amended Complaint that Defendant Perkins failed to procure the enhanced PIP coverage, one can reasonably infer from the other allegations in the Amended Complaint that Defendant Perkins did not do so. Moreover, one can reasonably infer from Defendant Perkins' alleged agreement to obtain the coverage that enhanced PIP coverage was generally available in the insurance industry in Colorado at the time. (Indeed, the availability of such coverage was statutorily mandated. C.R.S. § 10-4-706(1).) This is sufficient to state a claim against Defendant Perkins for negligence under Colorado law. Because the Plaintiffs adequately state a negligence claim on these allegations, the Court need not reach the Defendants' additional arguments that the Plaintiffs cannot state a claim based on Defendant Perkins' failure to advise them of the lack of uninsured motorist coverage in the umbrella policy or her failure to procure additional uninsured motorist coverage.[4]

The Defendants argue that the Amended Complaint is internally contradictory, in that the Plaintiffs allege both that their father requested Defendant Perkins to secure enhanced PIP

---

[4] Although the Court makes no specific findings on these points, in the hopes of encouraging the parties to narrow the focus of an already contentious litigation, it observes that nothing in the Amended Complaint alleges that the Plaintiffs' father specifically requested that Defendant Perkins secure uninsured motorist coverage for him as part of any policy, much less that Defendant Perkins agreed to obtain such coverage for him. Moreover, it appears that any claim based on Defendant Perkins' alleged failure to advise the Plaintiffs' father of potential holes in his umbrella coverage fails to state a claim under Colorado law. *Kaercher v. Sater*, ___ P.3d ___, 20006 WL 1766846 (Colo. App. 2006) (rehearing pending).

6

coverage and that "Defendants Allstate and Perkins failed to offer" enhanced PIP benefits to them at any time. *Docket* # 1-9, ¶ 29. Although the Defendants concede that the Plaintiffs may plead facts in the alternative, Fed. R. Civ. P. 8(e)(2), they argue that the Plaintiffs are not permitted to rely on directly contradictory assertions. *Docket* # 9 at 5, *citing Natl. Western Life Ins. Co. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 175 F.Supp.2d 489, 492 (S.D.N.Y. 2000).

The Defendants' reliance upon *Natl. Western* is misplaced. There, the court held that Rule 8(e)(2) does not permit a party, "within a statement of a given claim[, to] assert as fact two assertions that directly contradict each other." *Id.* "[C]lashing factual assertions, <u>stated in the context of the same claim</u>," were impermissible, the court rule. *Id.* (emphasis added). This is not the case here, however. The Plaintiffs' inconsistent factual assertions do not coexist with regard to a single claim; rather, the Plaintiffs' assertion that their father requested enhanced PIP coverage is asserted only with regard to the negligence claim against Defendant Perkins, and the assertion that the father was never offered enhanced PIP coverage is asserted with regard to the claim for reformation of the Carlton policy. The pleading of alternative, even inconsistent facts, in support of two distinct claims or defenses is permitted by Rule 8(e)(2). *Smith v. Cashland, Inc.*, 193 F.3d 1158, 1161 (10th Cir. 1999) ("a defendant is entitled to plead inconsistently in alternative defenses"); *see generally* Wright & Miller, Federal Practice and Procedure (Civil 3d), § 1283. Accordingly, the mere fact that the Plaintiffs have offered two allegedly[5] inconsistent positions in

---

[5]The Court makes no finding as to whether the facts asserted by the Plaintiffs are indeed inconsistent. One might reasonably argue that both assertions can be true: that the Plaintiffs' father specifically requested enhanced PIP coverage, and that the Defendants failed to "offer" to him that which he had requested. As defined in the Oxford English Dictionary, the term "offer" could mean both "to present something for acceptance or refusal" and "to furnish" something to another *See* http://dictionary.oed.com/cgi/entry/00330430, def. 2 & 6. The Court expresses no opinion as to whether a failure to tender requested enhanced PIP coverage constitutes a failure to

7

two different claims as to whether enhanced PIP coverage was offered does not warrant dismissal of the negligence claim asserted against Defendant Perkins.

The Defendants offer an abundance of evidentiary material, allegedly disproving many of the Plaintiffs' factual assertions. Even assuming that the Court is permitted to consider this evidence, the Court finds that none of the tendered evidence purports to disprove the Plaintiffs' assertion that their father requested enhanced PIP coverage from Defendant Perkins, nor disprove the Plaintiffs' assertion that despite that request, no such coverage was tendered.

Accordingly, the Court finds that the Plaintiffs have stated a viable claim of negligence against Defendant Perkins, and that Defendant Perkins' joinder was proper. Because Defendant Perkins, a Colorado citizen like the Plaintiffs, is a proper party to the action, the Defendants' removal of the case was improper and remand is the appropriate remedy.

## CONCLUSION

For the foregoing reasons, Defendant Perkins' Motion to Dismiss **(# 5)** is **DENIED** as moot, and the Defendants' Motion to Dismiss Claims Against Defendant Perkins **(# 9)** is **DENIED**. The Plaintiffs' Motion to Remand **(# 15)** is **GRANTED**. The Plaintiffs' Motion for Extension of Time to Respond to the Motion to Dismiss **(# 16)** and the Defendants' Motion for an Extension of Time to File a Reply **(# 18)** to the Motion to Remand are **DENIED** as moot. The Clerk of the Court shall transmit the case file to the Clerk of the Colorado District Court for

---

"offer" the coverage under Colorado law, thus warranting reformation of the contract.

Arapahoe County, and shall close this case.

Dated this 27th day of February, 2007

                                        **BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

9